WILLIAM PRESCOTT *versus* NATHAN ELLINGWOOD.

There can be no *legal* assignment of a mortgage by parol.

After performance of the condition of a mortgage by the mortgagor, before entry for condition broken, the mortgagee cannot maintain a writ of entry upon the mortgage against a third person, although there was a parol agreement between the mortgagee and mortgagor, that the name of the former might be used for the benefit of the latter.

THIS was a writ of entry wherein the demandant claimed under a mortgage of the premises by Samuel Merrill to the demandant and David Sears, since deceased. The parties agreed to submit the action for the decision of the Court upon the facts stated in certain depositions; and that if the action could be maintained, a conditional judgment was to be rendered for such amount as the Court should find to be due; but that if the action could not be supported, the demandant was to become nonsuit. The facts are sufficiently stated in the opinion of the Court.

*W. Kelley* argued for the tenant.

To the point, that parol evidence was inadmissible to show, that when the money secured by the mortgage was paid to the creditor, and his receipt taken therefor, the mortgage was still to be considered in force, he cited *Richards* v. *Killam*, 10 Mass. R. 239; and *Brigham* v. *Rogers*, 17 Mass. R. 571.

That the payment of the debt by the mortgagor to the mortgagee, is a discharge of the mortgage. Rev. Stat. c. 125, § 10; *Eaton* v. *Simonds*, 14 Pick. 98; *Wade* v. *Howard*, 6 Pick. 492, and 11 Pick. 289; 2 N. H. R. 300; 4 N. H. R. 357.

*Merrill* argued for the demandant.

To his point, that where it is for the interest of the person paying the debt secured by the mortgage, the mortgage will be upheld for his benefit, and not be considered as discharged, he cited *Freeman* v. *Paul*, 3 Greenl. 260; *Hatch* v. *Kimball*, 14 Maine R. 9, and 16 Maine R. 146.

The opinion of the Court was drawn up by

TENNEY J. — The demandant in this action seeks to obtain a conditional judgment as on mortgage. It is brought for the benefit of one claiming an interest derived from Samuel Merrill, the mortgagor of the land described. The mortgage introduced, dated Aug. 16, 1813, is to David Sears, (since deceased) and William Prescott, or the survivor of them, and for the security of the sum of $166,00 and interest thereon from the date of the mortgage, being a part of the amount of two notes given by Merrill several years before. About the year 1824, Samuel Merrill sold to Mason Shaw his interest in the land described in the mortgage, and took from him an agreement to pay the sum secured thereby. Afterwards, Merrill being called upon in behalf of the mortgagees, to pay the sum secured by the mortgage, the residue of the notes having been previously paid by him, on the third of May, 1827, paid to the demandant's agent the sum remaining due, and took his receipt therefor; and the agent at the same time agreed, that if Shaw should not pay the same for the benefit of Merrill, that he should be entitled to the use of the mortgagee's name to enforce payment from Shaw or his tenants, who might be in possession, and this advance of the money should not discharge or invalidate the mortgage. The sum so received was credited by the agent to the demandant, who afterwards gave his receipt therefor, not knowing the agreement between the agent and Merrill. The receipt was delivered to Merrill. The notes and the mortgage remained in the agent's hands, and payments were made by Shaw, and indorsed on the notes, which payments were passed into the hands of Merrill. In six or seven years from the time, when Merrill took the demandant's receipt for the amount, Shaw having paid the larger part of the sum secured by the mortgage, the mortgage deed and notes were delivered to Samuel Merrill, and he delivered up the receipt; the mortgage was neither assigned or discharged, and it was not intended by the demandant's agent or Merrill, that this transaction should operate as a discharge, as it was still understood between them,

that Merrill could use the name of the surviving mortgagee to enforce the payment of the balance remaining unpaid from Shaw. It appeared also, that the demandant had received the whole amount of the two notes given in 1810, and had no pecuniary interest in the suit; and that it was prosecuted in pursuance of the agreement between the agent and Merrill.

The payments made by Merrill, were on a debt, which he alone was holden to the demandant to discharge. And when he made the first payment, leaving an amount unpaid equal to the sum secured by the mortgage, it was clearly the understanding of the agent and him, that the mortgage was not affected thereby. Shaw had agreed to pay the balance, and neither he nor any one holding under him can complain, that the sum so paid did not extinguish the mortgage. But it is contended for the tenant, that the debt secured by the mortgage has since been paid by the mortgagor, and that by the Rev. Stat. c. 125, § 10, this is a defence to the action. In answer to this, the demandant invokes the principle, well established, that in special cases where the legal and equitable titles arising under a mortgage are united in the same person, and the intention of the party is distinctly declared at the time, or when something just or beneficial requires it, in a case in which the party has not declared or cannot declare his intention, the charge will be preserved, and the union of the two interests will not operate to merge the equitable in the legal title.

It is apprehended, that this principle will not apply to a case, in which there is not a union of the two in the same person. The cases referred to, in support of the position, were those in which there was a union of the legal and equitable title by assignment by deed, will, or other instrument in writing, or by record, sufficient to pass the title to real estate. It has been held in New York, that the transfer of the notes secured by the mortgage, being in writing, the mere delivery of the mortgage security was a sufficient assignment; and Judge Spencer remarked, " that mortgages are not considered conveyances of lands within the statute of Frauds." *Green*

v. *Hart*, 1 Johns. R. 580. But the Courts in Massachusetts and this State have not so held ; it has been regarded, that a mortgagee's right could be assigned only by deed. In *Parsons* v. *Welles & al.* 17 Mass. R. 419, Mr. Justice Wilde remarks, in reference to the opinion expressed by Judge Spencer, "I know that this opinion has prevailed in courts of equity, but I have not been able to find any decided case to support it at law ; and it appears to me against the letter and intent of the statute." In the case of *Hatch* v. *Kimball*, 14 Maine R. 9, the equitable presumption was allowed, that the mortgagor purchased in the title arising from his own mortgage, to keep on foot the mortgage, and thereby obtain a title to the land ; but the assignment was by deed, to him, his heirs and assigns.

In the case at bar, there had been no entry by the mortgagee ; there was no assignment of the mortgage, that it might be upheld to enforce the obligation of Shaw. Indeed, the counsel does not insist, that the equitable and legal title are united in the one, for whose benefit the suit is prosecuted, but that both the debt and the security are outstanding at the present time. But we cannot doubt, that the debt has been paid, and that the mortgage is extinguished.

The maker of the note was called upon for payment; he put into the hands of the demandant's agent the amount due, taking his receipt therefor, which was soon afterwards exchanged for that of the demandant, who had no knowledge of any agreement between his agent and Merrill. Subsequently Merrill took his notes and the mortgage and delivered up the receipt for the money. There was the understanding between the agent and Merrill, that all this should not discharge or invalidate the mortgage. But this understanding was founded upon no consideration, and cannot defeat the legal operation of the transaction. The money, after the notes were given up, was held by the demandant as payment, the same was paid and the notes taken, to discharge the liability of the maker. The demandant has no pecuniary interest in the suit. An action in his name on the notes could be defended on the

ground of payment, and a suit by Merrill for the money paid, could be defeated by the fact, that the notes were obtained therefor. Where every thing was intended by the demandant and Merrill to be settled and closed as between themselves, can the whole be kept open, so that the demandant can in his own name compel the payment on a contract to which he is a stranger? The now demandant in this case can have derived no interest from the one, who is nominal only, which the latter did not possess. It was in the power of Merrill to have taken security on the land for the fulfilment of Shaw's obligation. But where he trusted to his personal responsibility alone, he cannot add thereto, the security of a mortgage, which as between the parties to it, is extinguished. The conditional judgment, if the demandant is entitled to such, must be for the sum found due on the mortgage. Nothing remaining due, the judgment cannot be entered. According to the agreement,

*The demandant must become nonsuit.*